IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| WALTER COLUMBUS SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11CV110 |
| | ) | |
| GRAHAM ATKINSON, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on Defendants' motion for Summary Judgment (Docket Entry 17) pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.2 of the Local Rules of Civil Practice, Middle District of North Carolina. Pro se Plaintiff Walter Columbus Simmons has not filed a response in opposition of this motion. For the following reasons, it is recommended that the Court grant Defendants' motion for summary judgment. Furthermore, it is recommended that Plaintiff be warned of additional penalties by the court for commencing actions based upon frivolous and baseless claims.

### I. PROCEDURAL BACKGROUND

On February 9, 2011, Plaintiff filed this action against Defendants, Graham Atkinson and David Wilson Stephens of the Surry County Sheriff's Office("SCSO")[1] (collectively, "Defendants") pursuant to 42 U.S.C § 1983, alleging false imprisonment ensuing from a traffic stop in November 2009 in Surry County, North Carolina. (Docket Entry 2.) On February 28, 2012, Defendant Stephens filed a motion to dismiss pursuant to Rule 12(b)(1), (4), and (5) of the Federal Rules of Civil Procedure in conjunction with an Answer filed by both defendants. (Docket Entry 15.) The

---

[1] Defendants note that Plaintiff's Complaint incorrectly identifies the Surry County Sheriff's Office as the Surry County Sheriff's "Department." (Defs.' Br. Supp. Mot. Summ.J. 1, Docket Entry 18.)

Court did not take the motion to dismiss under consideration.[2]  On May 31, 2012, Defendants filed the motion for summary judgment now before the Court.  (Docket Entry 17.)  On July 11, 2012, the court issued Plaintiff a "Roseboro Letter" advising him of the summary judgment procedure, his right to respond to Defendants' motion for summary judgment, and the consequences for failure to respond.  (Docket Entry 19.)  Plaintiff did not respond to Defendants' motion for summary judgment.

Where a party fails to file a timely response, the motion will be "considered and decided as an uncontested motion, and ordinarily will be granted without further notice."  Local Rule 7.3(k).  Because Plaintiff failed to file a timely response, Defendants' Motion for Summary Judgment could be granted as a matter of course pursuant to Local Rule 7.3(k).  However, in view of Plaintiff's *pro se* status, the Court will consider the materials of record, including affidavits or declarations used to support this motion, to determine if there is no genuine issue as to any material fact and Defendants are entitled to judgment as a matter of law.

## II.  FACTUAL BACKGROUND

Plaintiff, a prisoner, filed a complaint purportedly alleging that Defendants violated the Civil Rights Act, 42 U.S.C. § 1983 by committing false imprisonment on two separate occasions as a result of a traffic stop in November 2009.  Plaintiff's claim states:

> On November 2009, I was in the car with Francis Brown and he was driving.  We were pulled over by the sheriffs in Mt. Airy.  I was placed under arrest for drinking and driving and they took me to [the] Surry County Jail until Yadkin County Jail came and got me.  [I] made bond in Yadkin County Jail.  On 12/1/2009 when I got out I was arrested by Sheriff David Wilson Stephens and was taken to Surry County Jail and placed on bond for $2,000.00 for aiding and abetting impaired driving, and allowing [an] unlicensed [driver] to drive.  I also have a revoked license [and] the car was not mine.  I stayed in jail for 2 days and made bond.  When Mr. Francis Brown went to court he plead guilty and was sentenced and went to prison.  When I went to

---

[2] Pursuant to Local Rule 7.3(a) and (k), the motion to dismiss was construed as part of the Answer; therefore, it was not taken under consideration.  (*See* Docket Entry dated 4/24/2012.)

2

court on 11/12/2010, my charges were dismissed. I believe this was false imprisonment for something I did not do.[3]

(Docket Entry 2 at 3.) Plaintiff is seeking damages in the amount of $500 for pain and suffering and $500 for false imprisonment. (*Id.* at 4.)

Defendants contend that Plaintiff's "allegation of events is utterly and completely false." (Docket Entry 18 at 2.) Based upon the Affidavit of Lieutenant Lauren Osborne of the SCSO, Defendants assert that during the months of November and December 2009, Plaintiff was never arrested by the SCSO. (*Id.*) On November 22, 2009, Plaintiff was stopped in Surry County by the North Carolina State Highway Patrol ("NCSHP") and given a traffic citation. (*Id.* at 2-3.) After conducting a routine check, the NCSHP became aware that Plaintiff was subject to an outstanding Order for Arrest ("OFA") in Yadkin County arising from a failure to appear for a custody and support matter. (*Id.* at 4.) Thereafter, Plaintiff was brought before the magistrate in Surry County and then transported to the Yadkin County Jail by SCSO deputies.[4] (*Id.*) On December 2, 2009, Plaintiff was released from the Yadkin County Jail after he made bond on the OFA for custody and child support. (*Id.*)

Defendants note several subsequent events indicating that Plaintiff failed to appear for his court date on two separate occasions for the November 2009 traffic offenses. (*Id.* at 5.) According to Defendants, Plaintiff appeared in court on November 18, 2010 for the November 2009 traffic offenses and other pending charges. (*Id.*) Plaintiff entered a plea agreement in which he later withdrew. (*Id.*) In 2011, the SCSO arrested Plaintiff on two separate occasions for charges unrelated to the November 2009 traffic incident. (*Id.*)

---

[3] The court notes that grammatical errors have been corrected to appropriately convey Plaintiff's claim.
[4] The magistrate set a $500 cash bond which Plaintiff could not pay. *See* Affidavit of Lieutenant Lauren Osborne, (hereinafter "Osborne Aff.") ¶ 7, Docket Entry 18-1.)

3

Lastly, Defendants assert that this is the second time Plaintiff has filed a baseless claim under § 1983.[5] (Defs.' Br. 8, Docket Entry 18.) Therefore, Defendants request that Plaintiff be required to obtain prior judicial approval before filing further actions against them. (*Id.*)

## III. DISCUSSION

A. <u>Standard of Review</u>

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *See Zahodnick v. Int'l Bus. Machs. Corp.*, 135 F.3d 911, 913 (4th Cir. 1997). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The party seeking summary judgment bears the initial burden of coming forward and demonstrating the absence of a genuine issue of material fact. *Temkin v. Frederick County Comm'rs*, 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex v. Catrett*, 477 U.S. 317, 323 (1986)). Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue of material fact which requires trial. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a fact finder to return a verdict for that party. *Anderson*, 477 U.S. at 250; *Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 817 (4th Cir. 1995). When making the summary judgment determination, the court must view the evidence, and all justifiable inferences from the evidence, in the light most favorable to the non-moving party. *Zahodnick*, 135 F.3d at 913; *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997).

---

[5] Plaintiff filed a § 1983 claim against the SCSO which the Court found to be without merit. *See Simmons v. Surry County Sheriff's Office*, No. 1:09-CV-94, Docket Entries 16, 18 (M.D.N.C. Jun. 10, 2010.)

Moreover, "once the moving party has met his burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *Id.* Moreover, the non-movant's proof must meet the substantive evidentiary standard of proof that would apply at a trial on the merits. *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993), *modified on other grounds*, *Stokes v. Westinghouse Savannah River Co.*, 420, 429-30 (4th Cir. 2000); *DeLeon v. St. Joseph Hosp., Inc.*, 871 F.2d 1229, 1233 n.7 (4th Cir. 1989). Unsupported hearsay evidence is insufficient to overcome a motion for summary judgment. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 959 (4th Cir. 1996).

B.  <u>False Imprisonment Claims Under 42 U.S.C. § 1983.</u>

"Actions under 42 U.S.C. § 1983 based upon claims of false arrest or false imprisonment are properly analyzed as unreasonable seizures under the Fourth Amendment." *Day v. Milam*, No. 1:11-CV-97, 2011 WL 5190809 (E.D. Va. Oct. 28, 2011); *see also Brown v. Gilmore,* 278 F.3d 363, 369 (4th Cir. 2002). "The Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is unreasonable." *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 183 (4th Cir. 1996). Under North Carolina law, false imprisonment is "the illegal restraint of a person against his will." *Marlowe v. Piner*, 119 N.C. App. 125, 129 (1995). Any restraint is illegal, unless it is lawful or consented to. *Id.* Claims of false imprisonment address detainment of an individual "without legal process;" thus, when an arrest is made pursuant to an arrest warrant, there is no false imprisonment. *See Wallace v. Kato*, 549 U.S. 384, 389 (2007). "Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*-when, for example, he is bound over by a magistrate or arraigned on charges." *Id.*

5

C. <u>Analysis</u>

Plaintiff alleges no facts to indicate Defendants falsely imprisoned him in November 2009 or on December 1, 2009. The affidavit of Lieutenant Osborne corroborates Defendants' contentions that Defendants acted merely as transporting officials under the OFA from Yadkin County. (*See* Osborne Aff. ¶ 5-7, Docket Entry 18-1.) On November 22, 2009, Plaintiff was cited for traffic offenses by the NCSHP, not SCSO deputies, in Surry County. (*Id.* at ¶ 5.) The NCSHP conducted a routine search for outstanding warrants and the arresting officer learned of Plaintiff's OFA issued in Yadkin County for failing to appear in a custody and support case. (*Id.* at ¶ 6.) North Carolina General Statute § 15A-304(e) states, "The order for arrest must direct that a law-enforcement officer take the defendant into custody and bring him without unnecessary delay before a judicial official to answer to the charges made against him." N.C. Gen. Stat. § 15A-304(e) (2012). Acting pursuant to the OFA, Plaintiff was immediately brought before the magistrate judge in Surry County, and then transported by Defendants to Yadkin County to face pending charges pursuant to the OFA. (*Id.* at ¶ 7.) Plaintiff remained in custody in Yadkin County until December 2, 2009, when he made bond and was released. (*Id.*)

Based upon the facts before the court, the claim brought by Plaintiff appears to be completely frivolous and baseless. It is clear that Defendants did not falsely imprison Plaintiff during the November 2009 traffic stop. Plaintiff was in the custody of Defendants for the purpose of being transported to Yadkin County where he faced pending charges. Defendants were acting pursuant to an OFA, making it difficult for Plaintiff to assert a claim of false imprisonment given that he was never "detained without legal process." *See Bellamy v. Wells*, 548 F. Supp. 2d 234, 237 (W.D. Va. 2008); *see also Kato*, 549 U.S. at 389. At most, the SCSO deputies were responsible for transporting Plaintiff to Yadkin County, but again, these actions were pursuant to an OFA entered

on September 24, 2009.[6]  Plaintiff's complaint also indicates an arrest by Defendant Stephens on December 1, 2009;[7] however, Plaintiff was still in custody at the time.  It is clear that an arrest could not have taken place during a time when Plaintiff was still in the custody of the Yadkin County Jail officials.  There is no basis for Plaintiff's claim since he presents no genuine issue of material fact as to Defendant's alleged false imprisonment on both occasions.

## IV. CONCLUSION

Based upon the evidence presented in this case, Plaintiff fails to allege sufficient facts to support a claim for false imprisonment against Defendants.  Defendants, through affidavits and exhibits, have demonstrated that there is no genuine issue of material fact in this case.  Even considering all inferences in light most favorable to Plaintiff, the *non-moving* party, he has failed to show that there is a genuine issue of material fact in which trial is necessary.  For the reasons stated herein, **IT IS RECOMMENDED** that Defendants' motion for summary judgment (Docket Entry 17) be **GRANTED**.  Furthermore, **IT IS RECOMMENDED** that Plaintiff is warned of additional penalties by the court for commencing actions based upon frivolous and baseless claims.

Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
February 20th, 2013

---

[6] (*See* Osborne Aff. ¶ 7, Docket Entry 18-1.)
[7] (Docket Entry 2 at 3.)